## PEOPLE v. GOFF

1. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION OF DEFENDANT—VALIDITY OF PLEA.

Defendant's plea of guilty of a criminal offense was properly accepted where defendant was specifically examined as to the facts of the crime charged, his participation in it, and the voluntariness of his plea and defendant stated that he was pleading guilty because he was guilty and did not assert at any time that his plea was involuntary.

2. CRIMINAL LAW—PLEA OF GUILTY—PRELIMINARY EXAMINATION—WAIVER.

A plea of guilty of a criminal offense constitutes a waiver of the right to a preliminary examination.

3. CRIMINAL LAW—PRIOR CRIMINAL RECORD—JUDGE'S KNOWLEDGE—PLEA OF GUILTY—ACCEPTANCE—VALIDITY.

A trial judge's knowledge of a defendant's prior criminal record does not disqualify that judge from accepting defendant's plea of guilty on a currently charged offense.

4. CRIMINAL LAW — PLEA OF GUILTY — COERCION — TRIAL COURT'S WARNING.

Trial court's warning to defendant that he in all likelihood would be incarcerated cannot be said to have coerced defendant into pleading guilty where the court did not promise or intimate that defendant would receive leniency and, while the warning might have dissuaded defendant from pleading guilty, there was no reason to believe that it persuaded him to plead guilty.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 487, 492–495.
[2] 21 Am Jur 2d, Criminal Law §§ 446, 447.
[3] 21 Am Jur 2d, Criminal Law §§ 409, 416, 427, 432, 490.
[4] 21 Am Jur 2d, Criminal Law §§ 485, 486, 505.

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 February 17, 1970, at Lansing. (Docket No. 7,563.) Decided March 31, 1970.

Donald Maynard Goff was convicted, on his plea of guilty, of entering without breaking. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*William J. Stapleton,* for defendant on appeal.

Before: LEVIN, P. J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. Defendant was arraigned in Ingham county circuit court on the charge of breaking and entering contrary to MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). He stood mute and counsel was appointed to represent him. He was subsequently arraigned on a separate information which charged unlawfully driving away an automobile contrary to MCLA § 750.413 (Stat Ann 1954 Rev § 28.-645) to which he pled guilty. Prior to sentence defendant requested and was allowed to withdraw his guilty plea. One week later defendant again appeared in circuit court and offered to plead guilty to the information charging unlawful driving away of an automobile. The court refused to accept the plea and ordered defendant committed to the Center for Forensic Psychiatry for a period not to exceed 60 days pursuant to MCLA § 767.27a (Stat Ann 1970 Cum Supp § 28.966[11]).

Following his return to circuit court defendant pled guilty to count two of an amended information which charged entering without breaking contrary to MCLA § 750.111 (Stat Ann 1970 Cum Supp § 28.306). After sentence, defendant timely requested and received appointed appellate counsel, who filed a timely claim of appeal. It is contended that the colloquy at the most recent arraignment was insufficient to establish a plea of guilty. It is contended that the court erred in failing to rule on defendant's prior motion for a preliminary examination. It is contended that the trial judge was unable to objectively ascertain the voluntariness of the plea, having previously reviewed defendant's presentence report. The people have filed a motion to affirm.

The defendant clearly entered a plea of guilty; in addition to his attorney's statement that he was pleading guilty, he personally responded, "yes, sir" to the judge's query: "Are you pleading guilty to Count II because you are guilty?"

The record demonstrates that defendant was specifically examined as to the facts of the crime and his participation in it. He was asked a number of questions relating to the voluntariness of his plea. From this direct examination, the trial court had ample reason to conclude that the plea was voluntary. Moreover, defendant does not now assert that the plea was involuntary.

Defendant's second contention is that the lower court erred in failing to rule on the motion to remand for preliminary examination. The motion was made but not ruled upon because defendant was first to be committed to the Center for Forensic Psychiatry for a period not to exceed 60 days. The motion was not renewed when defendant returned to circuit court for arraignment. Instead, defend-

ant pled guilty and in doing so he waived his right to a preliminary examination. *People* v. *McCurtis* (1969), 19 Mich App 353.

Defendant's third contention is also unsubstantial. He complains that the trial judge was prejudiced by the presentence report which he reviewed after defendant had originally pled guilty. Because of this, it is argued, the court was unable to form an objective determination of the voluntariness of defendant's subsequent guilty plea. However, the record clearly demonstrates sufficient grounds for acceptance of the plea; a trial judge's knowledge of a defendant's prior criminal record does not disqualify him from accepting a plea of guilty on a currently charged offense.

There is no merit in the defendant's claim that his plea was coerced by the judge's candid observation warning the defendant that "in all likelihood, you will receive some time in prison." The judge did not promise or intimate that the defendant would receive leniency; the warning by the judge in this case might have dissuaded the defendant from pleading guilty, there is no reason to believe that it persuaded him to do so.

The questions raised are unsubstantial and the motion to affirm is granted.