THE PEOPLE ·v. HENRY L. CLEMENTS.

68    655
s36NW 792
s13ASR 373
d131    71

*Criminal law—Resisting officer—Levy of attachment upon exempt property.*

There is no law in this State which permits a sheriff or other officer under any writ to take from a debtor his only team, wagon, and harness, worth less than $250, while engaged in the business of farming, and the debtor is not obliged to submit to such trespass without *reasonable* resistance.

Error to Livingston. (Newton, J.)   Argued January 27, 1888.   Decided March 2, 1888.

Respondent was convicted of resisting an officer in the service of a writ of attachment, and sentenced to nine months' imprisonment.   Judgment reversed and prisoner discharged.   The facts are stated in the opinion.

*Luke S. Montague,* for respondent.

*Moses Taggart,* Attorney General, and *William P. Van Winkle,* prosecuting attorney, for the People.

SHERWOOD, C. J.   The respondent was informed against in the Livingston county circuit court for resisting the sheriff in his attempt to serve a writ of attachment.

The property attempted to be taken consisted of a pair of horses, wagon, and harness, whiffletrees, and two horse-blankets.   The respondent claimed them as exempt and not liable to levy upon attachment or execution, and insisted upon his right to use so much force as was necessary to prevent the sheriff from taking the property from him, and that he used no more.

On the trial the respondent was convicted, and afterwards

sentenced to nine months' imprisonment. The prosecution was had under How. Stat. § 9257, which reads as follows:

"If any person shall knowingly and willfully obstruct, resist, or oppose any sheriff, coroner, township treasurer, constable, or other officer or person duly authorized, in serving or attempting to serve or execute any process, rule, or order, made or issued by lawful authority, or shall resist any officer in the execution of any ordinance, by-law, or any rule, order, or resolution made, issued, or passed by the common council of any city, board of trustees, or common council or village council of any incorporated village, or township board of any township, or shall assault, beat, or wound any sheriff, coroner, township treasuror, constable, or other officer duly authorized, while serving or attempting to serve or execute any such process, rule, or order, or for having served or attempted to serve or execute the same, or shall so obstruct, resist, oppose, assault, beat, or wound any of the above-named officers, or any other person or persons authorized by law to maintain and preserve the peace, in their lawful acts, attempts, and efforts to maintain, preserve, and keep the peace, every person so offending shall, on conviction thereof, be punished by imprisonment in the State prison not more than two years, or by imprisonment in the county jail not more than one year, or by fine not exceeding five hundred dollars."

The writ of attachment, under which the sheriff attempted to make the service, ran against the defendant and his wife. Mrs. Clements was acquitted upon the trial.

No question seems to have been made but that the property belonged to the wife; that it was their only team, wagon, and harness, and that they were carrying on agricultural pursuits as their principal business when the property was seized. It nowhere appears in the record that any appraisal of the property was ever made, and the testimony all shows that it was worth less than $250. It is true, the sheriff says he thought it was worth more than that, but it required a consultation with the plaintiff in the attachment to reach that conclusion. The fact that the property was not worth $250 is established by a sale made of the same under an execution for $162.

At the close of the trial the defendant's counsel made the following requests to charge:

"1. The team, wagon, and harness, which the sheriff sought to take from defendants in this case, are exempt from levy and sale on execution, and he had no right to take them from their possession, and defendants had a right to use such reasonable force as was necessary to prevent the sheriff from taking such property from them; and, having such right, they are not guilty under the statute of resisting the sheriff in the service of process, unless you find they use more force than was necessary for that purpose.

"2. It was the duty of the sheriff, when he went to serve the papers, to inform the defendants of the nature of the process he held against them, and ascertain whether they claimed the team as exempt; and if you find he did not do so, but immediately proceeded to take the team from their possession, in disregard of their right to hold it as exempt, they were fully justified by the law in using sufficient force to prevent his taking it."

The court refused to give these charges, but, referring to the subject, said to the jury:

"The team, vehicle, the harness, and other things must relate to the occupation or business of the person claiming the exemption. They are exempt when, in the language of the statute, 'they enable such person to carry on the profession, trade, occupation, or business in which he is wholly or principally engaged,' and they shall not exceed in value two hundred and fifty dollars.

"As public officers are presumed to act honestly and faithfully in the discharge of their duties, I am of the opinion, and so I charge you, that the Legislature never intended that the debtor should be the judge of his own case, and enforce his own judgment by physical force upon the officer before he had made a levy and before he had made an inventory, and before he had had time to make an appraisal, or had time to determine whether or not the debtor came within the class of persons who are entitled to an exemption of any kind. * * * The law affords a peaceful tribunal, to which men may resort to have determined all their grievances, where the question of exemption can be tried by the court and jury.

"No doubt there are cases of hardship growing out of that requirement of the law, but the law, rather than have a

68 MICH.—42.

breach of the peace, have life threatened, limb endangered, will compel exempt persons necessarily to suffer some inconvenience by resorting to process of law, and this is the only safe tribunal in our society and under our civilization which can be relied upon."

To the refusal to give the foregoing requests, and to the giving the subsequent paragraph noted, defendant's counsel excepted.

We think the exceptions are well taken. The requests should have been given upon the undisputed testimony. There is no law in this State which permits a sheriff or other officer to take from a debtor his only team, wagon, and harness, worth less than $250, while his business is farming and he is engaged therein, whether he has process against the debtor or not. No writ in this State authorizes the sheriff to levy upon such property, and, when he does it, it is at his own peril. The law will not protect him in doing that which it has expressly commanded him not to do.

Neither is the debtor compelled to submit to such trespass without reasonable resistance. If the doctrine contended for by the prosecution, and laid down in the charge, were to obtain, every poor debtor would be at the mercy of the sheriff and constabulary of the county, and the statutory benefits intended by the exemption would be of little avail. No officer can be legally authorized to invade private rights in any such manner. It is quite enough that property liable to be seized may be taken from the debtor before trial and judgment.

The judgment at the circuit must be reversed, and the prisoner discharged.

The other Justices concurred.