PEOPLE *v.* McCURTIS

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—PLEA OF GUILTY.
   Alleged defects in the preliminary examination are waived upon entry of a guilty plea.

2. CRIMINAL LAW—DUTY OF PROSECUTION—PLEA OF GUILTY.
   The prosecution is under no obligation to prove anything during the court's examination of one seeking to plead guilty.

3. CRIMINAL LAW—PRESUMPTION OF INNOCENCE—CONVICTION—PLEA OF GUILTY.
   A convicted defendant no longer enjoys a presumption of innocence and has the burden of showing more than technical noncompliance with a court rule when seeking to withdraw a guilty plea already accepted by the court.

4. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.
   A defendant seeking to withdraw a guilty plea that has been accepted by the court has the obligation of alleging in a motion to withdraw the plea such facts as would, if true, substantiate a finding that the noncompliance with a technical rule has resulted in a miscarriage of justice, absent a showing that his constitutional rights have been violated or denied.

5. CRIMINAL LAW—PLEA OF GUILTY—MURDER—DEGREE.
   A hearing to determine the degree of a homicide is not necessary where the defendant specifically pleads guilty to murder in the second degree (CL 1948, §§ 750.317, 750.318).

Appeal from Recorder's Court of Detroit, Vincent J. Brennan, J.   Submitted Division 1 August 26,

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law §§ 446, 449.
[2]  21 Am Jur 2d, Criminal Law § 449.
[3, 4]  21 Am Jur 2d, Criminal Law §§ 491, 495, 503–506, **510**.
[5]  21 Am Jur 2d, Criminal Law § 496.

1969, at Lansing. (Docket No. 7,355.) Decided October 1, 1969.

Darryl McCurtis was convicted, on his plea of guilty, of murder in the second degree. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Virginia Sobotka,* for defendant on appeal.

Before: DANHOF, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. Defendant was charged with murder in the first degree, CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548), and, after a preliminary examination, he was bound over to Recorder's Court where he subsequently entered a plea of guilty to murder in the second degree, CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549). This timely claim of appeal is grounded on three contentions of error. First, the preliminary examination failed to establish *corpus delicti.* Second, the trial court failed to comply with the requirements of CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058), the examination of defendant having failed to reveal all of the elements of the crime. Third, the trial court failed to conduct a separate hearing to determine the degree of the crime pursuant to CL 1948, § 750.318 (Stat Ann 1954 Rev § 28.550). The plaintiff has filed a motion to affirm the conviction.

Alleged defects in the preliminary examination are waived upon the entry of a guilty plea. *People v. Collins* (1968), 380 Mich 131. The trial court did examine the defendant as to the facts of the crime and his participation therein. *People* v. *Stearns* (1968), 380 Mich 704. "The prosecution is under no obligation to prove anything during the examination by the court of one seeking to plead guilty." *People* v. *Paul* (1968), 13 Mich App 175, 177. Defendant does not contend that his plea was untruthful or involuntary. He does not assert his innocence.

"A convicted defendant no longer enjoys the presumption of innocence. (Citations omitted.) He has the burden of showing something more than technical noncompliance with a rule. Absent a showing of violation or denial of constitutional rights, he has the obligation of alleging in a motion to withdraw plea such facts as would, if true, substantiate a finding that there was noncompliance which resulted in a miscarriage of justice." *People* v. *Winegar* (1968), 380 Mich 719, 733.

Defendant specifically pled guilty to murder in the second degree and, therefore, no hearing was necessary to determine the degree of the crime. *People* v. *Grillo* (1948), 319 Mich 586; *People* v. *Carl* (1968), 11 Mich App 226.

The motion to affirm the conviction is granted.