PEOPLE v. BONELLO

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—REQUEST TO CHARGE—
   THEORY OF CASE—EVIDENCE.

   It is the duty of the trial court to cover in his charge to the
   jury in a criminal prosecution the theory upon which the
   defense is founded if a proper request is made and supported
   by competent testimony.

2. ARREST — RESISTANCE TO ARREST — INSTRUCTIONS TO JURY —
   REQUEST TO CHARGE — THEORY OF CASE.

   A person may use such reasonable force as is necessary to resist
   an illegal arrest and the trial judge's failure so to charge
   the jury is reversible error, where defendant was charged with
   aggravated assault upon a police officer, his theory of defense
   was that the officer was not attempting to arrest him or if he
   was, the arrest was unlawful and the officer used excessive
   force and where defendant requested such an instruction
   (MCLA § 750.81[2], 768.29).

Appeal from Wayne, John B. Swainson, J. Sub-
mitted Division 1 June 2, 1970, at Detroit. (Docket
No. 6,783.) Decided July 30, 1970.

Richard Bonello was convicted of aggravated
assault. Defendant appeals. Reversed and re-
manded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 627, 650.
[2] 5 Am Jur 2d, Arrest § 94.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*Donald F. Welday, Jr.,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and LEVIN and BORRADAILE,* JJ.

PER CURIAM. On the evening of November 21, 1965, George Wollas, defendant's cousin, was stopped by a Dearborn police officer because his car was making excessive noise. Wollas pulled into a nearby parking lot followed by the officers who asked for his driver's license and registration. The officer returned to his vehicle to write up the violation.

Defendant, who was following Wollas, also pulled into the parking lot. He inquired of his cousin what the trouble was and then approached the squad car. A fight ensued in which the officer was injured.

Defendant was charged with aggravated assault (MCLA § 750.81(a), [Stat Ann 1962 Rev § 28.276 (1)]) and found guilty by a jury. Defendant appeals the denial of his motion for a new trial alleging that a requested instruction was improperly denied and that there was not sufficient evidence to support a finding of guilt beyond a reasonable doubt.

At trial defendant objected to the reading of MCLA § 750.479 (Stat Ann 1954 Rev § 28.747), resisting an officer in the discharge of his duty, insisting that in addition thereto the court should have instructed on the rights of defendant when an officer unlawfully arrests.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant's theory on defense was that the officer was not attempting to arrest. He also claimed that his words, at worst, were insulting and not, in and of themselves, an obstruction or resistance of an officer in the performance of his duty. Therefore, if he were arrested or the officer were attempting to arrest him, defendant had a right to resist because it was an unlawful arrest. Further, should the arrest be found legal, the officer used excessive force and defendant had a right to defend himself.

The instruction given by the trial court on the issue of excessive force was correct. However, nowhere in the instructions given did the trial judge charge the jury regarding defendant's right to resist an unlawful arrest. This was error.

A person may use such reasonable force as is necessary to resist an illegal arrest. *People* v. *Krum* (1965), 374 Mich 356, *cert. den.* (1965), 381 US 935 (85 S Ct 1765, 14 L Ed 2d 699); 5 Am Jur 2d, Arrest, § 94, pp 778–780. It is the duty of the trial court to cover in his charge to the jury in a criminal prosecution the theory upon which the defense is founded if a proper request is made and supported by competent testimony. *People* v. *Welke* (1955), 342 Mich 164; *People* v. *Lane* (1942), 304 Mich 29. Therefore, since it is the duty of the trial court to instruct the jury as to the law applicable to the case, MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052), the refusal of the court to give a requested proper instruction is reversible error. Defendant has a right to a properly instructed jury. *People* v. *Liggett* (1967), 378 Mich 706; *People* v. *Barringer* (1945), 311 Mich 345; *People* v. *Bowen* (1968), 10 Mich App 1.

The evidence in this case was conflicting. The parties each charged that the other had used abusive language and had initiated the fight. Reviewing the record, we find there was sufficient evidence, if be-

lieved by the jury, to justify a finding of guilt beyond a reasonable doubt. *People* v. *Weems* (1969), 19 Mich App 553; *People* v. *Fred W. Thomas* (1967), 7 Mich App 519.

Reversed and remanded for new trial.