PEOPLE *v*. DALE WILSON

1. BURGLARY—BREAKING AND ENTERING—CORPUS DELICTI—EVIDENCE.

The *corpus delicti* of the crime of breaking and entering with intent to commit larceny *held*, established by the unexplained presence of the defendant in a building at 3 a.m. with the window screen and window broken (MCLA § 750.110).

2. CRIMINAL LAW—VERDICT—SUFFICIENCY OF EVIDENCE—APPEAL AND ERROR.

The Court of Appeals will not disturb a verdict unless the evidence fails to support the finding of fact by the jury.

3. APPEAL AND ERROR—TRIAL—FAILURE TO OBJECT—PRESERVING QUESTIONS FOR REVIEW.

Failure to object to alleged errors during trial precludes raising them for the first time on appeal.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 September 22, 1970, at Grand Rapids. (Docket No. 9,011.) Decided October 27, 1970.

Dale H. Wilson was convicted of breaking and entering an office in a building with intent to commit larceny. Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Burglary §§ 45, 48.
[2] 5 Am Jur 2d, Appeal and Error §§ 833, 838.
[3] 5 Am Jur 2d, Appeal and Error § 545.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Robert F. Leonard*, Prosecuting Attorney, *Donald A. Kuebler*, Chief Assistant Prosecuting Attorney, and *James Ake*, Assistant Prosecuting Attorney, for the people.

*William A. Shaheen, Jr.*, for defendant on appeal.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. Defendant was convicted by a jury of breaking and entering a doctor's office in a building with intent to commit larceny. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305).

On appeal, defendant questions the sufficiency of the evidence to convict and contends he was denied due process of law because he was forced to refrain from appearing and testifying in his own behalf due to a previous criminal record and almost certain impeachment.

The record discloses evidence which, if believed, supports the jury's finding of guilt.

A man was seen breaking into the doctor's office. Police were called and defendant was seen coming out of the front door, but when he saw the police, he stepped back inside. Another officer reached inside the door and pulled the defendant out. Although defendant had no stolen articles in his possession, he did have a crowbar, hammer, and flashlight. Further testimony established that the office was locked, defendant had no permission to enter, and the office was roughly and forcibly disturbed. The crime occurred at approximately 3 a.m.

Defendant was "caught in the act". The *corpus delicti* of the crime of breaking and entering with

intent to commit larceny is established by the unexplained presence of the defendant in the building at 3 a.m. with the window screen and window broken. *People* v. *Curley* (1894), 99 Mich 238; *People* v. *Boyce* (1946), 314 Mich 608; *People* v. *Lambo* (1967), 8 Mich App 320. See *People* v. *Morrow* (1970), 21 Mich App 603.

There is an ample basis for drawing the inference that a *prima facie* case of intent to commit larceny was shown, not by the pyramiding of inferences, as claimed by the defendant, but, clearly and logically, by the evidentiary facts and circumstances.

This Court does not disturb a verdict unless evidence fails to support the finding of fact by the jury. *People* v. *Floyd* (1966), 2 Mich App 168; *People* v. *Casper* (1970), 25 Mich App 1. We find that the jury's verdict in the case before us is amply supported by the evidence. *People* v. *Arither Thomas* (1967), 7 Mich App 103; *People* v. *McClendon* (1970), 21 Mich App 142, 145.

After careful court instruction, defendant freely chose not to testify in his own defense. No objection was made. Failure to object during trial to alleged errors forecloses raising the objection for the first time on appeal. *People* v. *Dailey* (1967), 6 Mich App 99; *People* v. *Wise* (1969), 18 Mich App 21.

Affirmed.