PEOPLE *v.* CHARLES O. WILLIAMS

1. Continuance—Trial—Discretion.

   The granting of a continuance rests within the sound discretion of the trial court.

2. Criminal Law—Counsel.

   A defendant is not entitled to substitute counsel indefinitely and thereby thwart the fair administration of justice.

3. Continuance—Withdrawal of Counsel—Criminal Law—Discretion.

   Denial of defense counsel's motion to withdraw and failure to grant a continuance was not an abuse of discretion where there had been numerous prior delays in bringing the matter to trial, the defendant was ably represented at trial, and defendant was not prejudiced by the denial of the motion.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 June 9, 1970, at Detroit. (Docket No. 5,199.) Decided August 24, 1970. Leave to appeal granted November 17, 1970. 384 Mich 775.

Charles Oscar Williams was convicted of felonious assault and armed robbery. Defendant appeals. Affirmed.

---

References for Points in Headnotes

[1]  17 Am Jur 2d, Continuance § 3.
[2, 3]  17 Am Jur 2d, Continuance § 35.
   Withdrawal or discharge of counsel in criminal case as ground for continuance.  66 ALR2d 298.

.

.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*C. William Garrat,* for defendant on appeal.

Before HOLBROOK, P. J., and R. B. BURNS and O'HARA,* JJ.

O'HARA, J. This appeal follows defendant's conviction by a jury on November 9, 1967, of felonious assault (MCLA § 750.82 [Stat Ann 1962 Rev § 28.277]) and robbery armed (MCLA § 750.829 [Stat Ann 1970 Cum Supp § 28.797]). The offenses allegedly took place on December 9, 1966. Defendant was originally represented in circuit court by the same assigned counsel who represented him at the preliminary examination. Thereafter, defendant was represented by retained counsl who filed his appearance on both April 24 and May 30, 1967. In the interim, the trial court had received, considered, and denied a motion to quash, filed October 11, 1967. The only other facts relevant to this appeal are contained in the record of the trial, dated November 8, 1967, which commences as follows:

*"The Court Clerk:* People versus Charles O. Williams, charged with one, robbery armed and two, felonious assault.

*"Mr. Poehlman (assistant prosecuting attorney):* People are ready.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*"Mr. Monash (defense counsel):* The defense is not ready. I know you have my notice to withdraw, which I filed at noon today. I left your courtroom and I didn't realize at the time that I had a call from Mr. Albert Goldfarb and Mrs. Williams, who is here, and she contacted Mr. Goldfarb about having Mr. Goldfarb substitute for me.

"Mr. Goldfarb is in a murder trial before Judge Olsen, but he was here for about a half an hour. Mr. Batts called Judge Olsen, and I understand that Mrs. Williams, in my presence told me that Mr. Williams did not want me as his attorney. Mr. Goldfarb is talking about substituting for me. That is right, isn't it, Mrs. Williams?

*"The Court:* Is there anything else?

*"Mr. Monash:* In the motion yesterday morning something very drastic came up between my client and I, and I feel that I could not do the job expected of me, and I feel that it would be an injustice for him to have me for an attorney and for me to go into trial.

*"The Court:* I am concerned, Mr. Monash, because this case has been up; this is about the fourth time.

"I heard Mr. Williams the last time he was here and I heard you the last time. The only thing I am concerned about is competence. I know that you are, and we are going to proceed to trial. Is this going to be an adjourned trial or a waiver?

*"Mr. Monash:* Well, I have to talk to him.

*"The Court:* You have been on this case for quite a while, so I just want to know if you want a jury or if it is going to be waived.

*"Mr. Monash:* Could I go into the jury room privately for five minutes?

*"The Court:* Go ahead, and make up your mind right away. I am denying your motion because it does not speak of anything of substance. I know that you are competent.

"Mr. Williams, I don't know what his views are in this matter, so far as personality conflicts are concerned, but personality conflicts are not the matter with which the court is concerned.

"This matter has been adjourned over and over again for one reason or another. Mr. Williams has had sufficient time if he wished to retain someone else. The court feels that this is a delaying tactic and nothing more.

"*Mr. Monash:* It is not a delaying tactic, your Honor.

"*The Court:* I am not faulting you.

"*Mr. Monash:* I have no such intentions, your Honor.

"*The Court:* I am not accusing you, but we will proceed to trial and if you will advise us promptly, please.

"*Defendant:* The reason why I feel that I must speak now to insure you that there is no delaying tactic involved here on my part is because since June, when this case was first assigned to you, as I understand, I did not see my attorney until the last time we appeared here in this courtroom.

"*Mr. Monash:* You saw me in the county jail before.

"*Defendant:* When I saw you in October you told me the case had been assigned in June to him. The last time I saw him was in June since October. I told him then about last month, which was the first time I had seen him since June, and I understand that it was assigned in June. Somebody told me the case had been assigned to you in June.

"I told him there were two witnesses I wanted, and he has not made preparation to get the witnesses for my defense, because it seemed that he was apparently so sure that I would plead to some charge that I could not have committed. This is why I told my mother that due to the fact that he has not been working on the case, it appears that I ask that I get someone to try to bolster my defense because

I am not guilty of a robbery. I never robbed anybody in my life.

"*The Court:* Mr. Williams, we are going to proceed to the trial today.

"*Defendant:* But, he has not gotten my witnesses.

"*The Court:* I am sure that he has made whatever efforts that are required to prepare the case. You have talked to him about it I am sure, and he has prepared the defense to the best of his ability.

"Whether or not he has your witnesses does not mean that he is preparing it the way you want him to prepare. I am confident of Mr. Monash. He is competent, and we are proceeding to trial, Mr. Williams.

"*The Court Clerk:* A–135642. People versus Charles O. Williams. Count one, robbery armed and count two, felonious assault.

"*Mr. Poehlman:* People are ready.

"*Mr. Monash:* Defendant is ready. He wants a jury trial, your Honor.

"*Defendant:* I want a jury trial.

"*The Court:* Mr. Williams, I have known Mr. Monash for a long time. He was a prosecuting attorney for the County of Wayne from 1946 to 1948 and he is recognized as a very highly competent lawyer, and you have had the opportunity to retain someone else if you wished to retain someone else and, of course, the court has to be concerned about the people here, about the complaining witness and about the other witnesses here. You are not the only one concerned.

"We have adjourned this matter for the same reasons many times, and we are going to go to trial today.

"*Mr. Monash:* Your Honor, I would like to say—

"*The Court:* Does it have anything to do with this matter?

"*Defendant:* Your Honor, when I was arrested, they took  *  *  *

*"The Court:* If there are any matters that have to be brought up in the course of the trial, Mr. Monash will bring them up properly.

"Alright.   Draw a jury."

The only issue presented is whether the trial court committed reversible error in denying defense counsel's motion to withdraw, and in failing to grant a continuance. "It is well accepted in this State that the granting of a continuance rests with the sound discretion of the trial court." *McKay* v. *Black* (1967), 5 Mich App 711, 713, 714. See also, Annotation, 66 ALR2d 298. On the record presented in this case, we find no abuse of discretion. There had been numerous prior delays in bringing this matter to trial. Moreover, a defendant is not entitled to substitute counsel indefinitely and thereby continue to thwart the fair administration of justice. *People* v. *Fleisher* (1948), 322 Mich 474. The record reveals that defendant was ably represented at trial and was not prejudiced by the trial court's denial of the motion.

Affirmed.

All concurred.