PEOPLE v THOMPSON

1. BURGLARY—EVIDENCE—SUFFICIENCY.

Arresting officer's positive identification of defendant as the person he found late at night hiding under some boxes near the back door of a store which the officer had entered after noticing a window broken and the window screen torn away, was sufficient to support defendant's conviction of breaking and entering with intent to commit larceny where store owner testified that he had locked his store windows and door before leaving at night.

2. CRIMINAL LAW—APPOINTED COUNSEL—DISCHARGE.

Trial judge's refusal to discharge appointed counsel after defendant expressed dissatisfaction because his counsel refused to arrange for a pretrial lineup, a lie detector test, or for sufficient pretrial conferences for defendant was not error where there are grounds for believing the refusal was a valid exercise of professional judgment.

3. CRIMINAL LAW—APPOINTED COUNSEL—TRIAL TACTICS.

An appointed attorney is not obligated to follow defendant's choice of trial tactics in all respects and a trial judge is not required to discharge counsel for refusing to follow them where counsel is found to be qualified, competent and prepared for trial.

Appeal from Recorder's Court of Detroit, Norman A. Baguley, J. Submitted Division 1 April 12, 1972, at Detroit. (Docket No. 11944.) Decided May 30, 1972. Leave to appeal denied, 388 Mich 777.

Eugene E. Thompson was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary §§ 50, 52.
[2, 3] 21 Am Jur 2d, Criminal Law § 321.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *James R. Neuhard,* Assistant Defender, for defendant.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

O'HARA, J. On March 18, 1971, the defendant was found guilty of breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305. On appeal he challenges the sufficiency of the evidence, the failure of the trial court to change his appointed counsel, and the effectiveness of his representation.

The case against the defendant consisted of the following evidence. The store owner testified that the windows and doors of his store were secured upon closing the afternoon before the alleged breaking and entering. A police officer testified that late that night he and several other officers found a window of this store broken and the window screen torn back; that upon looking into the store he and his companions saw someone inside with several articles in his arms. The officers ordered the person to stand fast. The intruder dropped whatever he had and ran to the back of the store. The officers then entered through the broken window and apprehended a person hiding

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

under some boxes near the back door. On trial the officer positively identified the defendant as the person he arrested that night in the store.

This evidence was sufficient to support the charge of breaking and entering with intent to commit larceny. *People v Lambo,* 8 Mich App 320 (1967); *People v Tiszae,* 23 Mich App 114 (1970); *People v Dale Wilson,* 27 Mich App 395 (1970).

After a jury was sworn in, the defendant protested to the court that he was dissatisfied with his appointed counsel. The court, out of the presence of the jury, examined the defendant and his appointed counsel as to the cause of the dissatisfaction.

As best as we can understand defendant's complaint, it was threefold. First, his attorney declined to arrange for a pretrial lineup. Since the officers who made the arrest had already positively identified the defendant as being apprehended in the burglarized premises, and counsel was aware of this from the arrest report, defendant would have had more ground for the complaint of ineffective representation had his attorney acceded to the demand. The question becomes, how many nails should be driven into the lid of the casket of identification?

Next, the defendant demanded that he be afforded a lie detector test. Counsel's refusal under the circumstances here shown can well be understood.

The third complaint is the increasingly more frequent allegation of insufficient discussion of the case with defendant. As to this last contention, the trial court made the following finding.

"Well, I'm sorry, Mr. Thompson, but where counsel is appointed for you, you really don't get a choice, you understand that? And the court is satisfied that Mr.

Harris is prepared, he's competent, qualified, he's ready to try this matter and he's going to try this matter. I suggest very strongly that you cooperate with him as much as you can for your own benefit. All right, we will proceed."

This Court was very recently reversed by a divided Supreme Court on the issue of the refusal of a trial judge to afford a defendant other counsel immediately before trial began. See *People v Charles O Williams,* 386 Mich 565 (1972).[1] We proceed therefore with caution and restraint. In *Williams, supra,* the Supreme Court majority found that since the defendant was (1) asserting a constitutional right, *viz.,* the right to counsel, (2) there existed a *bona fide* dispute with his attorney as to whether to call alibi witnesses, (3) "he" [presumptively, the defendant] was not guilty of negligence, and (4) the trial court was incorrect in stating that defendant had caused the trial to be adjourned several times and that the trial court "abused its discretion in denying *defendant's counsel's* motion to withdraw and in preventing defendant from changing attorneys and granting a continuance". (Emphasis supplied by this Court.)

The only identical issue in *Williams* and this case is that here defendant was also asserting the same constitutional right.

In the case at bar, the following differences from *Williams* exist. Here there was (1) no motion by defense counsel to withdraw and (2) no request for continuance was involved.

Here, also, the issue was a disagreement between attorney and client over trial tactics and basic trial strategy. Counsel chose not to request a lie detector test, a pretrial lineup, and chose not to make an opening statement. It is to be noted also

---

[1] Reversing my authored opinion at 26 Mich App 46 (1970).

that in the case at bar, defendant, *after* the trial judge declined to appoint other counsel, renewed his objections to his counsel in the presence of the jury which had been excused and had thereafter returned to the courtroom. This, defendant asserts, impelled him to waive a jury and stand trial to the court.

Whatever our errors were and those of the trial court in *Williams, supra,* they do not seem to us to be present here. Thus, we distinguish the cases on the grounds above noted, and we do not feel bound by the *Williams* holding.

If, indeed, an appointed counsel is obligated to follow his client's choice of trial tactics in all respects, at the peril of later reversal, mayhaps we err again when we do not reverse here.

We do not think this is the import of *Williams.* We hold that where, as here, appointed counsel was found qualified, competent and prepared by the trial judge upon due inquiry into the basis of defendant's request for his discharge, the request was properly denied.

Were we to reverse under these circumstances, we would, we believe, imperil the status of every defense counsel appointed in our state. It does not seem to us that attorneys can possibly function as officers of the court, discharging their professional obligations if they may exercise no independent judgment.

We find no error which would support reversal.

Affirmed.

All concurred.