PEOPLE v McINTYRE

1. Constitutional Law—Criminal Law—Effective Assistance of Counsel—Advisory Counsel—Defendant's Request.

A defendant was not denied effective assistance of counsel where his attorney was granted a motion to withdraw partially from the case at the defendant's insistence but the attorney was ordered by the court to remain in an advisory capacity to the defendant; the attorney entered plea negotiations on the defendant's behalf which resulted in a reduction of the original charge; he participated fully in the plea-taking proceeding, consulting with the defendant and thoroughly informing him of his rights and options; and he participated on the defendant's behalf at sentencing, fully representing the defendant's interests.

2. Motions—Dismissal of Information—Plea of Guilty—Jurisdiction—Defendant Inaction—Waiver.

Failure of a trial court to rule at a preliminary hearing on a defense motion to dismiss the information for insufficient evidence does not deprive the court of jurisdiction to accept a subsequent plea of guilty from the defendant where the defendant's own inaction results in a waiver of the purported error.

Appeal from Wayne, Joseph G. Rashid, J. Submitted February 3, 1977, at Detroit. (Docket No. 27854.) Decided March 31, 1977.

Herbert McIntyre was convicted, on his plea of guilty, of attempted carrying of a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law §§ 222, 309–317.
[2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Prosecuting Attorney, *Edward R. Wilson,* Research, Training & Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Marshall S. Redman,* Assistant State Appellate Defender, for defendant.

Before: N. J. KAUFMAN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. After being convicted, on his plea of guilty, of attempting to carry a concealed weapon,[1] defendant appeals as of right. For the reasons set forth below, we affirm.

## I.

Because defendant initially challenges the propriety of his plea based upon his view that the plea was accepted without either his being fully represented by counsel or the inclusion of his waiver of the right to counsel, it is necessary to set forth in some detail the factual setting upon which his claim is based.

Prior to trial, defendant's court-appointed counsel proffered a motion to withdraw as counsel. At the hearing on this motion, defendant stated his displeasure with present counsel and his desire to either represent himself or seek retained counsel of his own choosing. After a full hearing on this matter, the trial judge granted the motion in part; the order providing that counsel be retained in an

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

[1] MCLA 750.92; MSA 28.287 and MCLA 750.227; MSA 28.424.

advisory capacity only. And, to further complicate matters, defendant never retained counsel, nor did he explicitly waive his right to counsel at the plea-taking.

It is strenuously urged that upon these circumstances the plea was per se invalid. We decline to accept this reasoning and feel constrained to examine the situation more closely.

There is, to be sure, an order contained in the record which limits counsel to an advisory capacity. This would be a serious debility for a plea acceptance in most cases. Here, however, we do not think undue focus should be placed upon this factor. To weigh this factor as defendant desires, would be to force this Court to don appellate blinders and ignore what actually transpired in the court below.

A review of the record shows that defendant was accorded full and effective representation. For example, subsequent to the above order, defense counsel requested an adjournment which was granted. Thereafter, plea negotiations were entered into by him on defendant's behalf. These negotiations eventually resulted in the reduction of the original charge of carrying a concealed weapon to attempted carrying a concealed weapon. At the taking of the plea, defense counsel participated fully and advised the court that he had consulted with the defendant regarding the plea and thoroughly informed him of his rights and options. Moreover, he participated at sentencing and, again, fully represented the defendant's interests. Surely, from these facts, we can hardly conclude that the defendant was denied effective assistance of counsel. Accordingly, we find no reversible error was occasioned here.

## II.

Next, defendant attempts to escape his conviction by arguing that the trial court lacked jurisdiction to accept defendant's plea of guilty where, we are told, there was insufficient evidence presented at the preliminary examination to bind defendant over for trial.

Defendant embraces the following language in *People v Alvin Johnson,* 396 Mich 424, 444; 240 NW2d 729 (1976), for the proposition that this particular error is not waived by a plea of guilty:

"Certainly it is true that those rights which might provide a complete defense to a criminal prosecution, those which undercut the state's interest in punishing the defendant, or the state's authority or ability to proceed with the trial may never be waived by guilty plea. These rights are similar to the jurisdictional defenses in that their effect is that there should have been no trial at all. The test, although grounded in the constitution, is therefore a practical one. Thus, the defense of double jeopardy, those grounded in the due process clause, those relating to insufficient evidence to bind over at preliminary examination and failure to suppress illegally-obtained evidence without which the people could not proceed are other examples." [Footnote omitted.]

Because this dicta is at odds with prior decisions of both the Michigan Supreme Court and this Court,[2] the prosecutor invites us to disregard the language's clear import and follow prior precedent. We decline the invitation and, instead, find *Johnson* inapposite to the instant factual situation.

At trial, defense counsel brought a motion to

[2] *See People v Dobine,* 371 Mich 593; 124 NW2d 795 (1963), and authorities contained therein. *Also, People v McCurtis,* 19 Mich App 353; 172 NW2d 510 (1969) and *People v Robbins,* 6 Mich App 633; 150 NW2d 175 (1967).

dismiss the information based upon the same ground now urged on appeal. This motion, however, was never ruled on. There can be no doubt that if this case had proceeded to trial without the defendant ever pressing for such a ruling, the error would have been waived. *People v Miniear,* 8 Mich App 591; 155 NW2d 222 (1967), *lv den,* 380 Mich 758 (1968), *People v Willis,* 1 Mich App 428; 136 NW2d 723 (1965), *lv den,* 377 Mich 693 (1965). Inasmuch as *Johnson* grounded its decision on what the guilty plea itself waives, we do not think it applies where the inaction of the defendant causes the purported error to be waived. Indeed, were it otherwise, it would be most surprising; inevitably it would lead to either one of two results:

(1) Prior to accepting *every* plea of guilty each trial judge would have to review the magistrate's decision to bind the defendant over, or;

(2) This Court would be placed in the position of the circuit court in reviewing preliminary examination findings despite the defendant's failure to raise the issue below.

We are sure neither result was intended by *Johnson.* Therefore, we must and do affirm.[3]

---

[3] Although our disposition ultimately turns on our view that *Johnson* is inapplicable, we note that were we to accept defendant's argument, our review shows us that there was sufficient evidence presented at the preliminary examination to bind defendant over for trial.