PEOPLE v PETERSON

Docket No. 78-2244. Submitted February 15, 1979, at Detroit.—Decided May 22, 1979.

Defendant, Gary R. Peterson, having been bound over to the Macomb Circuit Court, pled nolo contendere to the crime of manslaughter and, after an evidentiary hearing, was found guilty, Charles A. Wilkens, J. Defendant appeals alleging an insufficiency of evidence of the corpus delicti. *Held:*

Defendant has waived the issue.

Affirmed.

CRIMINAL LAW — COURT RULES — NOLO CONTENDERE — EVIDENCE — CORPUS DELICTI — WAIVER.

A criminal defendant who waived preliminary examination and subsequently pled nolo contendere waived the sufficiency of proof of the corpus delicti at the evidentiary hearing required by court rule and held to establish support for a finding that the defendant is guilty of the offense to which he is pleading (GCR 1963, 785.7[3][b][ii]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Martin M. Holmes,* Prosecuting Attorney, and *Keith D. Roberts,* Assistant Attorney General, for the people.

*Terry L. Shaw,* for defendant on appeal.

Before: CYNAR, P.J., and D. E. HOLBROOK, JR., and D. C. RILEY, JJ.

CYNAR, P.J. On December 21, 1977, defendant pled nolo contendere to a charge of manslaughter, a violation of MCL 750.321; MSA 28.553. On May

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 501.

2, 1978, he was sentenced to a term of 3 to 15 years imprisonment and now appeals as of right.

As preliminary examination in this case had been waived, an evidentiary hearing was held, in conformance with GCR 1963, 785.7(3)(b)(ii), to establish support for a finding that defendant had committed the charged offense. Medical testimony established that there was morphine in the deceased's blood and that she died from "acute narcotism". Dr. Irick, the county medical examiner, testified that he noticed a puncture mark on the deceased's right arm and concluded that *if* she were right-handed it would have been very difficult for her to have administered the injection by herself.

Defendant's connection to the offense was provided solely by the testimony of Terry Lee Scott, a friend of defendant. He testified that in November of 1977, over a year after the deceased's death, defendant told him that he had been watching television with the deceased when she suggested they "get high". The witness further alleged that defendant admitted injecting her with heroin, which caused her to pass out and die.

On appeal, defendant contends that there was insufficient evidence, independent of his alleged extrajudicial statement, to establish the corpus delicti of the offense of manslaughter. As a general rule, the prosecution is required to prove the corpus delicti of an offense without relying upon the extrajudicial confession of the defendant. *People v Barron,* 381 Mich 421, 424; 163 NW2d 219 (1968). Proof of the corpus delicti of any offense requires evidence in support of all the elements of the offense. *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973). It is well-accepted that the corpus delicti rule applies to preliminary examinations as

well as trials. *People v White,* 276 Mich 29, 31; 267 NW 777 (1936), *People v Randall,* 42 Mich App 187, 190; 201 NW2d 292 (1972), and *People v Sparks,* 53 Mich App 452, 456; 220 NW2d 153 (1974).

In the present case, defendant waived preliminary examination and never raised this issue below. In *People v McIntyre,* 74 Mich App 661, 665; 254 NW2d 603 (1977), a panel of this Court held that a defendant's failure to proceed on a motion to quash the information acts as a waiver of the issue of the sufficiency of the evidence to bind over. Similarly, in *People v Hill,* 86 Mich App 706, 712-713; 273 NW2d 532 (1978), another panel of this Court concluded that the defendant's failure to move to suppress certain evidence used in support of the bindover waived the issue of whether the evidence was illegally seized.

We conclude that a similar result is warranted here. In order to bind a defendant over for trial, the prosecution must establish that (1) a crime has been committed and (2) that there is a probable cause to believe that defendant committed it. MCL 766.13; MSA 28.931, *People v Duncan,* 388 Mich 489, 499; 201 NW2d 629 (1972). The first prong of this test is the requirement that the corpus delicti of the offense be established. See *People v Asta,* 337 Mich 590, 608-610; 60 NW2d 472 (1953). Since *McIntyre, supra,* and *Hill, supra,* establish that the issue of the sufficiency of the evidence to bind over is waived by failure to raise it below, it naturally follows that the issue of the sufficiency of the proof of the corpus delicti is similarly waived, as the latter issue is merely part of the former.

Such a holding is sound practically as well as theoretically. As noted in *McIntyre, supra,* 665,

any contrary rule would require this Court to perform the function of the circuit court in ruling on such issues. We think it is a wiser policy to require defendant to raise the issue by means of a pretrial motion. Such a rule imposes a very light burden upon a defendant and, when the issue is meritorious, avoids unnecessary appeals.

Affirmed.