PEOPLE v ORNELAS

Docket No. 47418. Submitted June 11, 1980, at Lansing.—Decided August 12, 1980.

Abel Ornelas pled guilty to breaking and entering an unoccupied building with intent to commit larceny, and sentence was imposed, Saginaw Circuit Court, Joseph R. McDonald, J. He appeals, alleging his plea made an insufficient factual showing of guilt with respect to the proof of breaking and that the court abused its discretion in binding him over for trial absent proof of his intent to commit larceny, and such defect is not waived by a plea of guilty. *Held:*

It is unnecessary to decide whether or not an alleged error in binding over defendant for trial is waived by a plea of guilty since there was no abuse of discretion by the magistrate. The proofs presented by the prosecution were sufficient to infer both breaking and an intent to commit larceny, which evidence supported binding over defendant for trial.

Affirmed.

1. CRIMINAL LAW — PLEAS OF GUILTY — WAIVER OF ERROR — APPEAL.

An error committed during a hearing on a criminal charge to determine whether or not a defendant should be bound over for trial can be waived by a plea of guilty where no effort is made on the record to preserve for appeal the alleged abuse of discretion of the magistrate.

2. APPEAL — CRIMINAL LAW — WAIVER OF ISSUES — FAILURE TO RAISE ISSUES.

The issue of the sufficiency of the proof of the corpus delicti is waived for appeal where the defendant has waived preliminary examination and has never raised the issue in the court below, and failure to raise the issue of the sufficiency of the evidence

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 271.
  21 Am Jur 2d, Criminal Law § 447.
[2] 5 Am Jur 2d, Appeal and Error § 545.
[3] 21 Am Jur 2d, Criminal Law §§ 446, 447, 495.

against a defendant in the court below also waives the issue for appeal.

3. CRIMINAL LAW — COURTS — JURISDICTION — WAIVER BY PLEAD-INGS.

   A circuit court has jurisdiction to entertain a defendant's plea to a criminal charge where there has not been a valid preliminary examination since the right to such examination is waived by the plea.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Linda B. Wright,* Appellate Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P.J., and BEASLEY and G. R. DENEWETH,* JJ.

BEASLEY, J. Defendant, Abel Ornelas, pled guilty to breaking and entering an unoccupied building with intent to commit larceny in violation of MCL 750.110; MSA 28.305. After defendant was sentenced to not less than two and one-half years nor more than 10 years in prison, he appeals as of right.

Defendant claims that he made an insufficient factual showing of guilt, specifically with respect to proof of breaking. The claim is without merit. Defendant said:

"On January 30th, Monday, Joe Vargas and me and my brother broke into a dry cleaners on Hess Street. We gained entrance through a door and then through a screen up on top of the building."

Defendant also claims that the district judge

* Circuit judge, sitting on the Court of Appeals by assignment.

abused his discretion in binding defendant over for trial because there was no proof that defendant intended to commit larceny. Defendant then reasons that insufficient evidence to bind over is a defect that is not waived by a plea of guilty, citing *People v Alvin Johnson*.[1]

While some of the dicta in *Johnson* might indicate otherwise, we do not agree that an error on the bind-over can never be waived by a plea of guilty where no effort is made on the record to preserve for appeal an alleged abuse of discretion on the bind-over. As noted in *People v McIntyre*,[2] any contrary rule would lead to one of two results:

"(1) Prior to accepting *every* plea of guilty each trial judge would have to review the magistrate's decision to bind the defendant over, or;

"(2) This Court would be placed in the position of the circuit court in reviewing preliminary examination findings despite the defendant's failure to raise the issue below."

Seeking to avoid these results, this Court has held that the issue of the sufficiency of the evidence to bind over is waived by failure to raise it below[3] and, similarly, that the issue of the sufficiency of the proof of the corpus delicti is waived where the defendant has waived preliminary examination and never raised the issue below.[4]

The question of whether a circuit court has jurisdiction to entertain a defendant's plea where there had not been a valid preliminary examina-

---

[1] 396 Mich 424; 240 NW2d 729 (1976).

[2] 74 Mich App 661, 665; 254 NW2d 603 (1977).

[3] *People v McIntyre, supra, People v Hill*, 86 Mich App 706, 712-713; 273 NW2d 532 (1978).

[4] *People v Peterson*, 90 Mich App 345, 347-348; 282 NW2d 315 (1979).

tion has also been found to have been waived by the defendant's plea.[5]

However, in this case, it is unnecessary to decide whether or not an alleged error on the bind-over is waived by a plea of guilty because we find no abuse of discretion in the bind-over. The proofs show defendant was apprehended inside of the cleaning establishment, that entry had been made through a shaft in the ceiling by pushing a screen, that defendant was hiding under a pile of clothes, and that clothing had been bagged up near the shaft. From these proofs, there was no abuse of discretion in inferring an intent to commit larceny. This evidence supported binding defendant over for trial.[6]

Affirmed.

---

[5] *People v Hall,* 97 Mich App 143; 293 NW2d 742 (1980).

[6] *People v Lambo,* 8 Mich App 320; 154 NW2d 583 (1967), *People v Dale Wilson,* 27 Mich App 395; 183 NW2d 626 (1970), *People v Thompson,* 41 Mich App 272; 199 NW2d 859 (1972).