## PEOPLE v DILLARD

Docket No. 56038. Submitted November 5, 1981, at Grand Rapids.— Decided April 23, 1982.

Roger Dillard pled guilty to a charge of felonious assault, Calhoun Circuit Court, Stanley Everett, J. He appeals, contending that the alleged assault occurred while he was defending himself from an unlawful arrest and that his actions could not constitute a felonious assault. He, therefore, claims that he was improperly bound over to circuit court without the corpus delicti of felonious assault having been established and that a factual basis was not sufficiently established to support his guilty plea. *Held:*

1. The arrest of the defendant in his home was illegal. No warrant was procured, defendant did not consent to the officers' entry and no exigent circumstances were present.

2. Defendant's actions in defending himself from an unlawful arrest were reasonably necessary under the circumstances. His response did not involve the actual use of force.

Reversed.

M. R. KNOBLOCK, J., dissented. He would hold that the defendant's actions cannot be characterized as reasonable as a matter of law. The threatened use of deadly force is not a reasonable means of resisting an unlawful arrest where the actor perceives no danger other than temporary loss of liberty. He would affirm.

### OPINION OF THE COURT

1. ARREST — RESISTANCE TO ARREST — UNLAWFUL ARREST.
   A person may use such force as is reasonably necessary to resist an unlawful arrest.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 5 Am Jur 2d, Arrest § 94.
  Modern status of rules as to right to forcefully resist illegal arrest. 44 ALR3d 1078.
[2] 68 Am Jur 2d, Searches and Seizures §§ 37, 44, 46.
  Validity, under Federal Constitution, of consent to search—Supreme Court cases. 36 L Ed 2d 1143.
[3] 40 Am Jur 2d, Homicide § 103.

DISSENT BY M. R. KNOBLOCK, J.

2. ARREST — CONSTITUTIONAL LAW — CONSENT — EXIGENT CIRCUM-
   STANCES.

   *The Fourth Amendment to the United States Constitution prohib-
   its a warrantless entry into a private home to make a felony
   arrest where the homeowner has not given his consent or
   where exigent circumstances are not present (US Const, Am
   IV).*

3. ARREST — RESISTANCE TO ARREST — DEADLY FORCE — UNLAWFUL
   ARREST.

   *The threatened use of deadly force does not constitute a reason-
   able means of resisting an unlawful arrest as a matter of law
   where the actor perceives no danger other than the temporary
   loss of his liberty.*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Conrad J. Sindt,* Prose-
cuting Attorney, and *Kenneth G. Walters,* Senior
Assistant Prosecuting Attorney, for the people.

*Susan J. Smith,* Assistant State Appellate De-
fender, for defendant.

Before: R. B. BURNS, P.J., and BASHARA and
M. R. KNOBLOCK,* JJ.

PER CURIAM. The majority accepts the statement
of facts provided by Judge KNOBLOCK in his dis-
senting opinion.

The arrest of defendant in his home after a
warrantless entry by police officers was illegal.
Defendant did not consent to the entry, nor were
exigent circumstances present. *Payton v New
York,* 445 US 573; 100 S Ct 1371; 63 L Ed 2d 639
(1980).

Defendant had a right to defend himself in
resisting the unlawful arrest so long as the force
used was reasonably necessary. *People v Krum,*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

374 Mich 356; 132 NW2d 69 (1965), *cert den* 381 US 935; 85 S Ct 1765; 14 L Ed 2d 699 (1965); *Delude v Raasakka,* 42 Mich App 665, 672; 202 NW2d 508 (1972).

Under the facts of this case, we find that defendant's actions in self-defense were reasonable. His response to the illegal entry into his home did not involve the actual use of force. There was no harm or injury done to the parties involved. This case is clearly distinguishable from *People v Eisenberg,* 72 Mich App 106, 110; 249 NW2d 313 (1976), *lv den* 401 Mich 803 (1977), wherein defendant's use of deadly force, in firing at and wounding one of the intruding police officers, was found to be unreasonable.

Had defendant actually used deadly force in the instant case, his response may have gone beyond the bounds of reasonableness. However, because his defense involved the use of no force whatever, his actions were reasonable under the circumstances. We, therefore, reverse defendant's conviction of felonious assault.

Reversed.


M. R. Knoblock J. *(dissenting).* I respectfully dissent. Defendant was convicted of felonious assault, MCL 750.82; MSA 28.277, following his guilty plea, and was sentenced to a prison term of 2-1/2 to 4 years. He appeals as of right.

At approximately 1:50 a.m. on August 20, 1978, Battle Creek police received information that the defendant was wanted on a charge of felonious assault, which he was alleged to have committed in Flint approximately five hours earlier. Without first procuring a warrant, two uniformed Battle Creek police officers went to the defendant's home and knocked on the door. Defendant opened the

inner door and when told that he was under arrest, responded by stating that he would not go with the officers unless they first procured a warrant. After defendant closed the door, the officers warned defendant that they would "kick in" the door if necessary to effectuate the arrest. After receiving no response, the officers forcibly entered the home where they encountered defendant armed with a shotgun which he was pointing at one of the officers. Defendant ordered the officers to leave the house, and they complied. Shortly thereafter he surrendered.

Defendant has raised two issues on appeal. He claims that the examining magistrate abused his discretion in binding him over to circuit court because the corpus delicti of felonious assault was not established. He also claims an insufficient factual basis was established to support his guilty plea. The following discussion will dispose of both issues.

It is defendant's contention that his arrest was unlawful, that he was lawfully entitled to resist the unlawful arrest, and that, therefore, his actions could not constitute a felonious assault. Since defendant properly preserved the issue by objecting at the preliminary examination and at the plea-taking proceeding, it was not waived by his plea of guilty. *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976); *People v Ornelas,* 99 Mich App 382; 297 NW2d 674 (1980).

Defendant contends that the arrest was unlawful because it was procured without a warrant. In *Payton v New York,* 445 US 573; 100 S Ct 1371; 63 L Ed 2d 639 (1980), the Supreme Court held that, in the absence of consent or exigent circumstances, the Fourth Amendment prohibits a warrantless entry into a private home to make a routine felony

arrest. From the record presented it appears that defendant neither consented to the entry nor were exigent circumstances present. The defendant was in his own home, there was no evidence that he intended to flee or that the police had reason to believe that the destruction of evidence was imminent. *People v Beachman,* 98 Mich App 544, 554; 296 NW2d 305 (1980). Although the report of the earlier felonious assault in Flint indicated that defendant may have been armed, there was no showing that the danger attendant thereto would have been enhanced had the police first taken the time to procure a warrant. Therefore, the arrest was unlawful.

The question then becomes: "Was defendant legally justified in using the threat of deadly force to resist the illegal arrest?" The traditional common-law rule has been that, short of killing the arresting officer, a person has the right to resist an unlawful arrest.[1] This rule, however, arose under circumstances significantly different than those existing today and in recent years has been frequently criticized or abrogated. Chevigny, *The Right to Resist an Unlawful Arrest,* 78 Yale LJ 1128 (1969); 44 ALR3d 1078.[2] Though the rule persists in a majority of jurisdictions in this country, it has been abolished in recent years by legislative action in at least 11 states[3] and by judicial

[1] In England the rule became established at least by 1710 (see *The Queen v Tooley,* 2 Ld Raym 1296; 92 Eng Rep 349 [1709]) and the early twentieth century in the United States (see *Bad Elk v̂ United States,* 177 US 529; 20 S Ct 729; 44 L Ed 874 [1900]).

[2] See also ALI Model Penal Code, art 3, § 3.04(2); Uniform Arrest Act, § 5.

[3] Cal Penal Code, § 834a; Conn Gen Stat, § 53a-23; Del Code Ann tit 11, § 1905; Fla Stat, § 776.051(1); Ill Ann Stat ch 38, §§ 7-7 and 31-1; Neb Rev Stat, § 28-836(2); NH Rev Stat Ann, § 594.5; NY Penal Law, § 35.27; 18 Pa Cons Stat, § 505(b)(1)(2); RI Gen Laws, § 12-7-10; Tex Penal Code, §§ 9.31(b)(2), 38.03.

fiat in 4 others.[4] This trend is largely premised upon a recognition that a peaceful determination through the judicial process of an officer's authority to arrest is preferable to a potentially dangerous confrontation.

Michigan adheres to the common-law rule, allowing the use of reasonable force to resist an unlawful attachment or arrest. *People v Clements,* 68 Mich 655; 36 NW 792 (1888); *People v Krum,* 374 Mich 356; 132 NW2d 69 (1965), *cert den* 381 US 935; 85 S Ct 1765; 14 L Ed 2d 699 (1965); *People v Bonello,* 25 Mich App 600; 181 NW2d 652 (1970). Although the common-law rule prevails in Michigan, in *People v Eisenberg,* 72 Mich App 106; 249 NW2d 313 (1976), *lv den* 401 Mich 803 (1977), a panel of this Court held that the right to resist an unlawful arrest can never include the right to use deadly force where the only danger perceived is loss of liberty. Recognizing the preferability of a peaceful determination of a police officer's authority to arrest, the *Eisenberg* Court stated:

"While Michigan continues to recognize the common law right to resist an unlawful arrest, the foregoing considerations compel a limitation on that right in favor of the safety of the citizens and law enforcement officials of this state." *People v Eisenberg, supra,* 112.

I agree with the conclusion of the majority that the facts of the case at bar are distinguishable from those presented in *Eisenberg,* which involved an actual shooting and wounding. However, I cannot agree that the actions of the defendant in this case can be characterized as reasonable *as a mat-*

---

[4] See *Miller v State,* 462 P2d 421 (Alas, 1969); *State v Richardson,* 95 Idaho 446; 522 P2d 263 (1973); *State v Koonce,* 89 NJ Super 169; 214 A2d 428 (1965); *City of Columbus v Fraley,* 41 Ohio St 2d 173; 324 NE2d 735 (1975).

*ter of law.* Though I consider the unlawful entry of the defendant's home by the police officers reprehensible, from the record of the plea-taking proceedings it is clear that the defendant was aware that the intruders were police officers and that the only danger he perceived was temporary detention and loss of liberty. Although the police in the instant case acceded to the defendant's demands, in many cases the contrary can be expected. A threat to use deadly force implies an intent to carry out the threat if the demands are not met. Police officers are unlikely to stand idly by while a person whom they perceive to be a criminal points a weapon in their direction. The danger to the safety of law enforcement officials, those who are the subject of an unlawful arrest, and innocent bystanders is unreasonably high where armed confrontation is involved. Concluding, as the majority does, that a person who is the subject of an illegal arrest may resist by drawing and aiming a deadly weapon can only increase the incidence of such confrontations.

The policy considerations upon which the decision in *Eisenberg* rested is the public interest in protecting the safety of law enforcement officials and the citizens of this state. That policy will be seriously undermined by the holding of the majority that the threatened use of deadly force, including the aiming of a shotgun, constitutes a reasonable means of resisting an unlawful arrest as a matter of law where, as here, the actor perceives no danger other than temporary loss of liberty. I decline to participate in that holding.