PEOPLE v KILLEBREW

PEOPLE v CRAIG

1. SEARCHES AND SEIZURES—WARRANTS—EXPECTATION OF PRIVACY—
   MULTIPLE-UNIT DWELLINGS—HALLWAYS.

   A search for which a warrant is required occurs when the police
   search a person who has a reasonable expectation of privacy in
   the area searched or the materials seized; a hallway shared by
   tenants in a private multiple-unit dwelling is a private space in
   which there is a reasonable expectation of privacy by the
   occupants and their guests.

2. SEARCHES AND SEIZURES—WARRANTS—PLAIN VIEW EXCEPTION—PO-
   LICE—RIGHTFUL PLACES.

   A search and seizure conducted by police without a search
   warrant is not justified by the plain view exception where the
   officers were not rightfully in the place where the incriminat-
   ing evidence was found when they spotted the evidence.

Appeal from Wayne, Charles Kaufman, J. Sub-
mitted April 11, 1977, at Detroit. (Docket Nos.
30352, 30353.) Decided June 8, 1977. Leave to
appeal applied for.

Roberta Killebrew was charged with possession
of heroin and Maurice Craig was charged with
possession of heroin with intent to deliver. The
informations were quashed upon the defendants'
motions. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Searches and Seizures § 35 *et seq.*

[2] 68 Am Jur 2d, Searches and Seizures § 88.

  Search and seizure: Observation of objects in "plain view"—Su-
  preme Court cases. 29 L Ed 2d 1067.

Prosecuting Attorney, and *Stephen H. Boak* and *Raymond P. Walsh,* Assistant Prosecuting Attorneys, for the people.

*Cornelius Pitts,* for defendants.

Before: R. B. Burns, P. J., and T. M. Burns and D. C. Riley, JJ.

T. M. Burns, J. Maurice Craig was charged with possession of heroin with intent to deliver, MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a). Roberta Killebrew was charged with possession of heroin, MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a). On July 20, 1976, the trial court quashed the informations after determining that the evidence against the defendants had been illegally obtained. The plaintiff appeals by right.

On the afternoon of January 17, 1976, the police received an anonymous phone call that "there was a shooting taking place at 10000 Dequindre and there was bodies laying all over". Four officers were dispatched to that address, which was a four-family building with two apartments on the ground floor and two apartments upstairs. While three officers checked the ground floor, Officer Kulhavi climbed an exterior staircase to the second floor and knocked on the door to the hallway. Defendant Craig answered the door. Asked about hearing any gunshots, Craig informed the officer that he had heard nothing and suggested checking the apartments below. Kulhavi returned to the ground level, followed by Craig and Killebrew, who had come out of the same room as Craig. Finding no one else home, the police asked Craig if they could check his apartment. In response, Craig asked if they didn't need a search warrant to do that. The police responded that they had probable

cause to believe that there may be a body up there. Craig, according to Officer Kulhavi, responded "Okay". The officers and the defendants proceeded to the upper level. While in the hallway shared by the two upstairs apartments, Kulhavi looked through an open door and saw suspected narcotics and cutting apparatus in the room.

The defendants were arrested and the narcotics and paraphernalia seized.

At the hearing on defendants' motion to quash, the trial court found that the police did not have probable cause to believe that the defendants had committed any crime.

On appeal the people argue that the search and seizure was justified under the plain view exception to the warrant requirement as the evidence was in plain view of a position in which the police had a right to be. Defendants respond by arguing that the police officers were improperly located in a private hallway when they saw the evidence and thus were not in a place in which they had a right to be.

We are herein concerned with two basic propositions:

1. A search conducted by the police for which a warrant is required occurs when the person searched has a reasonable expectation of privacy in the area searched or the materials seized. *Katz v United States,* 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967).

2. The seizure of objects within the plain view of an officer, lawfully in a place where he had a right to be, is not proscribed by the Constitution. *United States v Lee,* 274 US 559; 47 S Ct 746; 71 L Ed 1202 (1927).

We hold that the warrantless search and seizure was not justified by the plain view exception as the

police officers were not rightfully in the hallway when they spotted the evidence.

Generally, a hallway shared by tenants in a private multiple-unit dwelling is not a public place. It is a private space intended for the use of the occupants and their guests, and an area in which the occupants have a reasonable expectation of privacy. In the case at bar there were only two apartments sharing a common hallway, entry to which was limited by right to the occupants. These occupants certainly could expect that a high degree of privacy would be enjoyed in that area.

The seizure was not justified by the plain view doctrine as the officers were not rightfully in the hallway when they spotted the evidence. *United States v Fluker,* 543 F2d 709 (CA 9, 1976), *United States v Carriger,* 541 F2d 545 (CA 6, 1976), *Perkins v United States,* 139 US App DC 179; 432 F2d 612 (1970) (Bazelon, J., dissenting).

Suppression was properly ordered.

Affirmed.