PEOPLE v KEITH LESTER

1. CRIMINAL LAW—DISMISSAL OF CHARGES—ACQUITTAL—PROSECU-
   TION'S CASE—FAILURE OF PROOF.
   A dismissal of criminal charges against a defendant at the close
   of the prosecution's case was proper and was tantamount to an
   acquittal on the merits where there was a failure of proof on
   an essential element of the crime with which the defendant
   was charged and for which he was tried.

2. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—AC-
   QUITTAL—SWORN JURY—APPEAL BY THE PEOPLE.
   A criminal defendant is placed in jeopardy when the jury is
   sworn; therefore, in a criminal trial, where the jury had been
   sworn and the defendant tried on the merits and acquitted,
   allowing a second trial of the defendant would be prohibited by
   the constitutional provisions on double jeopardy.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—AC-
   QUITTAL—APPEAL BY THE PEOPLE.
   There is no case precedent, statute, constitutional provision or
   court rule authorizing an appeal by the people following the
   acquittal of a defendant in a criminal prosecution.

4. CONSTITUTIONAL LAW—CRIMINAL LAW—STATUTES—COURT OF AP-
   PEALS—STATUTORY CONSTRUCTION—CONSTITUTIONALITY OF STAT-
   UTES—APPEALS—JUDGMENTS—ACQUITTAL.
   The Court of Appeals must, if possible, construe statutes in a way
   to avoid an unconstitutional result; therefore, statutes pertain-
   ing to the jurisdiction of the Court of Appeals and to appeals by
   right and by leave should be held to have no application to
   appeals by the people from judgments of acquittal in criminal
   cases (MCLA 600.308–309; MSA 27A.308–309).

Appeal from Oakland, James S. Thorburn, J.

---

Submitted August 11, 1977, at Lansing. (Docket No. 77-819.) Decided September 21, 1977.

Keith Lester was charged with larceny by conversion. The trial judge dismissed the cause and quashed the proceedings at the close of the plaintiff's proofs. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert L. Bunting,* Assistant Prosecuting Attorney, for the people.

*John A. Lyons, P. C.,* and *Leitman & Roeser,* for defendant on appeal.

Before: QUINN, P. J., and R. B. BURNS and M. F. CAVANAGH, JJ.

PER CURIAM. This case is before us on defendant's motion to dismiss plaintiff's claim of appeal. Two reasons are advanced in support of the requested relief, namely: violation of the double jeopardy provisions of the Federal and state constitutions and lack of jurisdiction.

Defendant was tried before a jury on a charge of larceny by conversion. After hearing seven witnesses for the prosecution and accepting as true the proffered testimony of the final prosecution witness, the trial judge found that the prosecution had failed to prove title to the money allegedly converted in one McAnnally from whom it was charged defendant converted the money. On this basis, the trial judge dismissed the cause and quashed the proceedings.

The record supports the finding of the trial judge that title in McAnnally had not been proved.

Thus there was a failure of proof on an essential element of the crime with which defendant was charged and for which he was tried, *People v Lavan,* 303 Mich 394; 6 NW2d 721 (1942). Dismissal was proper and was tantamount to acquittal on the merits, *United States v Martin Linen Supply Co,* 430 US 564; 97 S Ct 1349; 51 L Ed 2d 642 (1977).

When the jury was sworn, defendant was placed in jeopardy, *People v Anglin,* 6 Mich App 666; 150 NW2d 532 (1967). He has been tried on the merits, and, in effect, he has been acquitted. A second trial on the merits would place him twice in jeopardy, and a second trial on the merits would be the only relief available if plaintiff prevails on this appeal. The second trial would be prohibited by the constitutional provisions on double jeopardy, *United States v Jenkins,* 420 US 358, 370; 95 S Ct 1006; 43 L Ed 2d 250 (1975), *Fong Foo v United States,* 369 US 141; 82 S Ct 671; 7 L Ed 2d 629 (1962). The double jeopardy argument of defendant is correct and bars this appeal.

There is no case, statute, constitutional provision or court rule authorizing an appeal by the people following the acquittal of a defendant in a criminal prosecution. Plaintiff would have us find such authority in MCLA 600.308–309; MSA 27A.308–309. We decline to do so. For the reasons discussed earlier, such an interpretation would produce an unconstitutional result. If possible, we must construe MCLA 600.308–309 to avoid an unconstitutional result, *Saroki v Detroit,* 73 Mich App 519; 252 NW2d 234 (1977). We do so by holding that MCLA 600.308–309 have no application to appeals by the people from judgments of acquittal in criminal cases.

Affirmed.