PEOPLE v KILLINGSWORTH

1. APPEAL AND ERROR—CRIMINAL LAW—MOTIONS—DIRECTED VERDICT
   OF ACQUITTAL—REASONABLE DOUBT.
   A reviewing court in passing on a motion for a directed verdict of
   acquittal in a criminal case must (1) consider only the evidence
   which had been introduced at the time the motion was made,
   (2) view that evidence in the light most favorable to the
   prosecution, and (3) determine whether that evidence would
   justify a reasonable man in concluding that all elements of the
   crime were established beyond a reasonable doubt.

2. CRIMINAL LAW—CORPUS DELICTI—PROOFS—OUT-OF-COURT CONFES-
   SIONS.
   A case against a defendant is insufficient unless the *corpus delicti*
   of the crime is established by proof independent of the defend-
   ant's out-of-court confessions.

3. CRIMINAL LAW—WELFARE FRAUD—DEFENDANT'S KNOWLEDGE—
   ADC—DEFENDANT'S SPOUSE—CHANGED CIRCUMSTANCES.
   Proof of a defendant's knowledge that his wife was getting ADC
   does not establish his knowledge that she failed to report
   changed circumstances decreasing her need for relief.

4. CRIMINAL LAW—CORPUS DELICTI—EVIDENCE—ESSENTIAL ELEMENTS
   OF OFFENSE.
   The *corpus delicti* of an offense is not established until the people
   have introduced evidence from which the trier of fact may
   reasonably find that acts constituting all the essential elements
   of the offense have been committed and that someone's crimi-
   nality was responsible for the commission of those acts.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 548 *et seq.*
[2, 4] 29 Am Jur 2d, Evidence § 530.
  30 Am Jur 2d, Evidence § 1142.
[3] 79 Am Jur 2d, Welfare Laws § 6 *et seq.*
[5] 21 Am Jur 2d, Criminal Law § 115 *et seq.*
[6] 75 Am Jur 2d, Trial § 551.
[7] 21 Am Jur 2d, Criminal Law §§ 214–216.
[8] 29 Am Jur 2d, Evidence §§ 339–341.

5. CRIMINAL LAW—AIDING AND ABETTING—ACT BY DEFENDANT—DE-
   FENDANT'S KNOWLEDGE.

   One of the essential elements of aiding and abetting is an act by
   a defendant; mere presence, even with knowledge that an
   offense is about to be committed, is not enough to make a
   defendant an aider or abettor, nor is mere mental approval,
   passive acquiescence or consent sufficient.

6. APPEAL AND ERROR—CRIMINAL LAW—JURY—INSUFFICIENT EVI-
   DENCE.

   It was reversible error for a trial judge to allow a criminal case to
   go to the jury where, as a matter of law, the evidence presented
   by the prosecution was insufficient to show the commission of
   the alleged crime by the defendant.

7. CONSTITUTIONAL LAW—CRIMINAL LAW—APPEAL AND ERROR—DOU-
   BLE JEOPARDY—MOTIONS—DIRECTED VERDICT OF ACQUITTAL.

   An appeal by the prosecution is barred by the double jeopardy
   provisions of the Federal and state constitutions where a trial
   judge grants a defense motion for a directed verdict of acquit-
   tal; retrial of a defendant after the defendant's successful
   appeal is also barred due to double jeopardy considerations
   where the appellate court rules that the trial court erred in
   denying the defendant's motion for a directed verdict of acquit-
   tal because retrial would have been barred had the trial court
   granted the defendant's motion (US Const, Am V, Const 1963,
   art 1, § 15).

8. APPEAL AND ERROR—CRIMINAL LAW—EVIDENCE—CROSS-EXAMINA-
   TION—CHURCH ATTENDANCE.

   It was reversible error for a prosecutor, during cross-examination
   of a defendant who took the stand and testified in her own
   defense, to ask the defendant if she or her husband went to
   church.

Appeal from Eaton, Richard E. Robinson, J.
Submitted June 14, 1977, at Grand Rapids. (Docket
Nos. 27019, 27020.) Decided December 5, 1977.

Charles and Sharon Killingsworth were con-
victed of welfare fraud. Defendants appeal. Re-
versed, and charges against Charles Killingsworth
dismissed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *Chester S. Sugierski, Jr.,* Assistant Prosecuting Attorney, for the people.

*Reid & Reid, P. C.* (by *Joseph D. Reid* and *Lawrence J. Emery),* for defendants.

Before: M. J. KELLY, P. J., and M. F. CAVANAGH and J. R. ROOD,* JJ.

M. F. CAVANAGH, J. Charles and Sharon Killingsworth appeal by right their jury convictions for welfare fraud, MCLA 400.60(2); MSA 16.460(2).

It was alleged that Sharon Killingsworth applied for and received public assistance benefits (ADC), and that she continued to receive them while breaching her statutory obligation:

"(2) There is imposed upon every person receiving relief under this act [MCLA 400.1 *et seq.;* MSA 16.401 *et seq.]* either upon his own application or by his inclusion, to his knowledge, in the application of another the continuing obligation to supply to the department issuing the relief:

* * *

"(c) information concerning changes in his circumstances or those of other persons receiving relief through the same application which would decrease the need for relief." MCLA 400.60(2); MSA 16.460(2).

Charles was charged as an aider and abettor of Sharon, his wife. MCLA 767.39; MSA 28.979.

I

At the close of the prosecution's case defense

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

counsel made what he styled a motion to dismiss the complaint against defendant Charles Killingsworth on the ground that the prosecution had failed to present sufficient evidence that defendant knew his wife was receiving ADC benefits. GCR 1963, 504.2. Since this was a jury trial the correct motion would have called for a directed verdict of acquittal (GCR 1963, 515.1), and we will treat the motion as such.

The applicable standard of review was stated in *People v Royal,* 62 Mich App 756, 757–758; 233 NW2d 860, 861–862 (1975):

"In passing on a motion for a directed verdict of acquittal in a criminal case, the reviewing court must 1) consider only the evidence which had been introduced at the time the motion was made, * * * 2) view that evidence in the light most favorable to the prosecution, * * * and 3) determine whether that evidence, if credible and believed, would justify a reasonable man in concluding that all elements of the crime were established beyond a reasonable doubt." (Citations and footnotes omitted.)

The evidence before the lower court at the time this motion was made included the investigating officer's testimony that defendant had admitted knowledge that his wife was receiving ADC benefits. There was also evidence that Charles had resumed residence with Sharon. The prosecuting attorney argued to the trial court that this fact supports an inference that Charles had knowledge of Sharon's receipt of benefits.

As to Charles' admission to the investigating officer, the prosecution's appellate counsel concedes that this was an extrajudicial confession. It is a well settled rule of law that the case against a defendant is insufficient unless the *corpus delicti*

of the crime is established by proof independent of his out-of-court confessions. *People v Barron,* 381 Mich 421, 423–424; 163 NW2d 219, 220 (1960). See also, *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), adopting dissenting opinion of LEVIN, J., in *People v Allen,* 39 Mich App 483, 494 *et seq.;* 197 NW2d 874, 880 *et seq.* (1972). Thus, the issue framed by the briefs and the proceedings below is whether proof of a husband's cohabitation with his wife is sufficient to establish his knowledge of her receipt of ADC benefits.

However, the answer to this question is not necessary to the disposition of this case. The crime charged against Sharon Killingsworth was not the receipt of the benefits, but the failure to report facts decreasing her need for relief. Charles Killingsworth was accused of having procured, counseled, aided or abetted this offense. Even if we assume that there was sufficient proof that Charles knew that Sharon was getting ADC, this would not establish his knowledge that she had failed to report changed circumstances decreasing her need for relief. Even if we were to go still further, and assume that the proofs justify an inference that Charles knew that Sharon was failing to report, we would come ineluctably to the conclusion that the proofs here were insufficient.[1]

"[T]he law in this state is clear that the *corpus delicti* of an offense is not established until the people have introduced evidence from which the trier of fact may reasonably find that acts constituting *all the essential elements* of the offense have been committed and that

---

[1] It should be recognized that the foregoing analysis would draw one inference from another in order to establish the elements of the offense, and that this is impermissible. *People v Atley,* 392 Mich 298, 315; 220 NW2d 465 (1974). We have made these inferences here only to demonstrate how far removed the evidence was from legally sufficient proof of the defendant's guilt.

someone's criminality was responsible for the commission of those acts." *People v Allen, supra,* 39 Mich App at 496; 197 NW2d at 881.

As both the statute and case definitions imply, see *People v Palmer,* 392 Mich 370, 378; 220 NW2d 393, 396–397 (1974), and as the Supreme Court and this Court have held, one of the essential elements of aiding and abetting is an *act* by the defendant.

" 'Mere presence, even with knowledge that an offense is about to be committed or is being committed, is not enough to make a person an aider or abettor or a principal in the second degree nor is mere mental approval, sufficient, nor passive acquiescence or consent.' " (Citation omitted.) *People v Burrel,* 253 Mich 321, 323; 235 NW 170 (1931).

Accord, *People v Recorder's Court Judge #1,* 73 Mich App 150, 155; 250 NW2d 809, 812 (1977), *People v Trudeau,* 51 Mich App 766, 772; 216 NW2d 450, 453 (1974), *lv den,* 391 Mich 839 (1974), *cert den,* 419 US 868; 95 S Ct 125; 42 L Ed 2d 106 (1974).

There is not one shred of evidence on this record that Charles Killingsworth acted to aid or abet, or counsel or procure, the commission of the alleged crime. *Cf. People v Akerley,* 73 Mich App 321, 324; 251 NW2d 309, 310 (1977). Therefore, as a matter of law, the evidence was insufficient, and it was reversible error to allow the case to go to the jury.

## II

In his prayer for relief, Charles Killingsworth's appellate counsel requests this Court to reverse and dismiss all charges. Conceding error on an

issue to be discussed below (see discussion at section III, *infra),* appellate counsel for the prosecution states that he "does not oppose the Defendant-Appellant's demand for a new trial". Because the parties are in evident disagreement as to the relief appropriate here, and because our decision of the previous issue makes it necessary to grant the request of one or the other, we turn now to a discussion of which, and why.

In *People v Keith Lester,* 78 Mich App 661; 261 NW2d 33 (1977), this Court held that, where the trial judge grants a defense motion for a directed verdict of acquittal, a prosecution appeal is barred by the double jeopardy provisions of the Federal and state constitutions. US Const, Am V; Const 1963, art 1, § 15. *See* also, MCLA 763.5; MSA 28.858. In *Lester* the Court reasoned that: (1) the defendant was placed in jeopardy when the jury was sworn, (2) there had been a failure of proof on an essential element of the crime and a dismissal, which was tantamount to an acquittal, and (3) a second trial would place the defendant twice in jeopardy. Therefore, held the Court, a prosecution appeal was barred because the only available relief, retrial, would be prohibited by the constitutional provisions on double jeopardy.

We are persuaded that *Lester*'s reasoning is sound, and should control here. Here, as in *Lester,* the prosecution failed to carry its burden of proof on an essential element of the offense. By our resolution of the sufficiency issue we find that defendant was entitled to the same relief which the trial court in *Lester* granted the defendant therein. We see no persuasive reason for distinguishing the cases, and holding that retrial here would be permissible. Had the trial court granted defendant's motion, retrial would have been barred. It should make no difference in the result that

it is the appellate court which grants the defendant the relief which is his due.

Analysis of the policies behind the double jeopardy provisions supports this result. The United States Supreme Court identified those policies in *Green v United States,* 355 US 184, 187–188; 78 S Ct 221, 223; 2 L Ed 2d 199, 204 (1957):

"The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

If those policies apply where the jury acquits, then they should apply even more forcefully where the prosecution's case was so weak that it should not even have been submitted to a jury.

We are aware of authority to the contrary in the Federal courts. In *Bryan v United States,* 338 US 552, 560; 70 S Ct 317, 321; 94 L Ed 335, 342 (1950), the Supreme Court flatly rejected this position, stating:

"Petitioner's contention that to require him to stand trial again would be to place him twice in jeopardy is not persuasive. He sought and obtained the reversal of his conviction, assigning a number of alleged errors on appeal, including denial of his motion for judgment of acquittal. '* * * where the accused successfully seeks review of a conviction, there is no double jeopardy upon a new trial.' " (Citations omitted.)

In two subsequent decisions the Supreme Court appears to have retreated from *Bryan. Sapir v*

*United States,* 348 US 373; 75 S Ct 422; 99 L Ed 426 (1955), *Forman v United States,* 361 US 416; 80 S Ct 481; 4 L Ed 2d 412 (1960). Those cases have been interpreted as establishing the rule that where a conviction is reversed for want of sufficient evidence, whether there may be a retrial depends upon whether defendant joined with his motion for acquittal in the trial court a motion for a new trial. *United States v Musquiz,* 445 F2d 963, 966 (CA 5, 1971); 2 Wright, *Federal Practice and Procedure: Criminal* (1969), § 470. The rule has been criticized by commentators and at least one Federal circuit court, *United States v Wiley,* 170 US App DC 382, 384–388; 517 F2d 1212, 1214–1218 (1975); 2 Wright, *supra,* § 470; Mayers & Yarbrough, *Bis Vexari: New Trials and Successive Prosecutions,* 74 Harv L Rev 1, 13 (1960), but continues to hold sway in the Federal courts.[2]

The Federal rule seems inconsistent with the reasoning of *Lester* and the cases upon which it relies. However, we need not here decide whether we would reject the Federal rule and hold, on the basis of state constitutional and statutory authority, that retrial is barred whenever this Court reverses the denial of a motion for a directed verdict. Defendant's motion for a directed verdict

[2] *But see United States v Jenkins,* 420 US 358, 369–370; 95 S Ct 1006, 1013; 43 L Ed 2d 250, 259 (1975):

"Here there was a judgment discharging the defendant, although we cannot say with assurance whether it was, or was not, a resolution of the factual issues against the Government. But it is enough for purposes of the Double Jeopardy Clause, and therefore for the determination of appealability under 18 USC § 3731, that further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged, would have been required upon reversal and remand."

If this language is correctly understood as a general test for the former jeopardy defense, it would seem to bar retrial in cases such as that at bar where the appellate court orders entry of a judgment discharging defendant on the basis of "a resolution of the factual issues against the Government".

of acquittal requested that relief only, not a new trial. Therefore, even under the Federal rule, he may not be retried.

## III

Defendant Sharon Killingsworth took the stand and testified in her own defense. During cross-examination the prosecutor asked her if she or her husband went to church. The prosecution's appellate counsel rightly concedes that this was reversible error. *People v Bouchee,* 400 Mich 253; 253 NW2d 626 (1977), *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974).

Sharon Killingsworth's conviction is reversed. Charles Killingsworth's conviction is reversed and it is ordered that the charges against him be dismissed.

Judge KELLY concurs in the result only.