PEOPLE v GREER

Docket No. 78-2268. Submitted May 14, 1979, at Detroit.—Decided June 20, 1979.

William B. Greer was charged with possession of heroin. The Recorder's Court of Detroit, Donald L. Hobson, J., after the commencement of a bench trial, dismissed the charge after concluding that heroin found on the defendant had been discovered as a result of an improper search. The prosecution appeals by leave granted. *Held:*

1. The arrest and search was based on information supplied to a police officer by an informant who was known to the officer and who had supplied reliable information on five prior occasions. The information provided ample detail of the underlying circumstances from which the informant concluded that the defendant was selling narcotics. Also, the officer, upon going to the bar where the suspect was to be, found a person who matched the description given by the informant and who, in response to the officer's inquiry, stated that his name was William Greer, the name which had been given to the officer by the informant. The officer had probable cause to arrest and to conduct a search without a warrant.

2. Prior to trial defense counsel had full knowledge of the facts surrounding the arrest and search of the defendant but delayed until midtrial to make a motion to dismiss based on the search. Since the defense offered no good cause for not raising the issue earlier, the trial court abused its discretion in granting the motion to dismiss.

3. The charge against the defendant was dismissed on a basis unrelated to his factual guilt or innocence and there was no determination of his guilt or innocence. Accordingly, retrial is not barred by the prohibition against double jeopardy.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 5 Am Jur 2d, Arrest § 46.

[2] 5 Am Jur 2d, Arrest § 44.

[4] 21 Am Jur 2d, Criminal Law § 327.

[5] 21 Am Jur 2d, Criminal Law § 214 *et seq.*

1. ARREST — CONSTITUTIONAL LAW — PROBABLE CAUSE — INFOR-
   MANTS.

   An anonymous tip may be the basis for probable cause to make
   an arrest if the information in the tip is sufficiently corrobo-
   rated by independent sources.

2. DRUGS AND NARCOTICS — ARREST — CONSTITUTIONAL LAW —
   PROBABLE CAUSE — INFORMANTS.

   The test for determining when probable cause may be established
   in a narcotics arrest solely upon the basis of information from
   an informant is that (1) some of the underlying circumstances
   from which the informant concluded that the narcotics were
   where he claimed they were must be disclosed and (2) some of
   the underlying circumstances from which the officer concluded
   that the informant was credible or his information was reliable
   must be shown; something more substantial is required than a
   casual rumor circulating in the underworld or an accusation
   based merely on general reputation.

3. CRIMINAL LAW — CONSTITUTIONAL LAW — PROBABLE CAUSE —
   INFORMANTS.

   One recognized method of establishing the trustworthiness of an
   informant is a disclosure that he provided information on past
   occasions which later proved to be correct upon investigation.

4. CRIMINAL LAW — INSTITUTION OF A PROSECUTION — DEFECTS —
   MOTIONS — WAIVER — GOOD CAUSE — DISCRETION — RECORD-
   ER'S COURT — COURT RULES.

   A Recorder's Court rule states that defenses and objections based
   on defects in the institution of a prosecution or in an informa-
   tion, other than that it fails to show jurisdiction in the court or
   to charge an offense, may be raised only by motion before trial;
   failure to timely present any such defense or objection consti-
   tutes a waiver thereof, but the court for good cause shown may
   grant relief from the waiver; granting relief from such waiver
   is an abuse of the court's discretion where the defense does not
   comply with the "good cause" requirements (RCR 18).

5. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — DISMISSAL OF
   CHARGES — SUCCESSFUL APPEAL BY PROSECUTION — RETRIAL —
   REDETERMINATION OF GUILT OR INNOCENCE.

   Retrial of a defendant on a criminal charge, after the prosecu-
   tion's successful appeal of a trial court's dismissal of that
   charge on the defendant's motion, is not barred by the constitu-
   tional prohibition against double jeopardy where the dismissal
   was on a basis unrelated to the defendant's factual guilt or
   innocence and where, because the defendant persuaded the

trial court that the defendant, although perhaps criminally culpable, could not be punished because of the lack of probable cause justifying his arrest and search of his person, there was no determination as to the defendant's guilt or innocence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *E. Gail Willhardt,* Assistant Prosecuting Attorney, for the people.

Before: N. J. KAUFMAN, P.J., and ALLEN and K. B. GLASER, JR.,* JJ.

N. J. KAUFMAN, P.J. Defendant was charged with possession of heroin, MCL 335.341(4)(a); MSA 18.1070(41)(4)(a). On October 28, 1977, Recorder's Court Judge Donald L. Hobson dismissed the charge after concluding that the search of the defendant was improper. Plaintiff's application for delayed leave to appeal was granted on July 26, 1978, and we reverse.

At the preliminary examination on June 22, 1977, police officer Daniel Keuhn testified that, on January 4, 1977, he received a phone call from a "reliable and credible informant". Officer Keuhn had had previous contact with the informant and the informant was registered with the Detroit Police Department. Officer Keuhn's five prior contacts with the informant had resulted in twelve arrests, two convictions, and one dismissal. The other nine cases were pending. The informant told Officer Keuhn that a person known to the informant as Steel Bill Greer, approximately 36 years old, was at that time at Duke's Playhouse Bar. He was wearing a brown jacket, blue jeans and a

* Circuit Judge, sitting on the Court of Appeals by assignment.

brown cap. He was selling heroin which he kept in tan coin envelopes in his jacket pocket.

Officer Keuhn proceeded directly to the bar. Upon entering the bar, he saw a person fitting the description given to him by the informant. He walked up to that person, learned that his name was William Greer, and placed him under arrest for violation of the Controlled Substances Act. He took three tan coin envelopes containing an off-white powder from defendant's right coat pocket. The substance appeared to be heroin.

At the conclusion of Officer Keuhn's testimony, defense counsel argued that the informant's tip alone could not provide sufficient probable cause for the arrest and search of defendant. Acting Recorder's Court Judge Donald Neitzel rejected defendant's argument and bound him over for trial on the possession of heroin charge.

On October 28, 1977, a bench trial began in Detroit Recorder's Court. Officer Keuhn was the first witness presented by the prosecution. He testified that, acting on information received from a reliable and credible informant, he went to Duke's Playhouse Bar on January 4, 1977. The informant had given him a description of someone selling heroin in the bar. Officer Keuhn saw defendant in the bar, approached him, asked him his name, and placed him under arrest. In the vestibule of a building next to the bar, Officer Keuhn searched defendant and found the coin envelopes believed to contain heroin.

At that point, defense counsel moved to dismiss the case because "in order to have probable cause he [the police officer] has to have made an independent investigation of his own that satisfies him". The prosecutor argued that the motion should have been brought prior to trial. The court

ruled that the search of the defendant was improper and granted the motion to dismiss.

After this ruling, the prosecutor asked the court if he could present testimony on the issue. He expressed concern that, by waiting until mid-trial to make a motion to dismiss, defense counsel had deprived the people of an opportunity to appeal. Officer Keuhn then testified as to his five prior contacts with the informant. All of the prior contacts with the informant had been in cases dealing with drugs. In all of those cases, searches of the persons named by the informant had turned up narcotics. With regard to defendant, the informant had told the police officer the identity of the person selling drugs and where he was located. The informant told Officer Keuhn that he knew the person was selling heroin because he had been present in the bar and had just witnessed a transaction. The officer arrived at the bar seven to ten minutes after receiving the information. The description given to Officer Keuhn by the informant was of a black male, approximately 36 years old, wearing a brown hat, brown jacket, white sweater and blue jeans, known to the informant as Steel Bill Greer. The defendant fit the description perfectly and, in response to Officer Keuhn's question, stated that his name was William Greer.

After hearing this testimony of Officer Keuhn, Judge Hobson refused to change his earlier ruling granting defendant's motion to dismiss. The plaintiff now appeals.

In dismissing the charge against defendant, the trial court accepted defense counsel's argument that Officer Keuhn should have made an independent investigation of his own instead of relying solely on the information supplied to him by the informant. This ruling was clearly erroneous.

Recently, the Michigan Supreme Court held that an anonymous tip may be the basis for probable cause to make an arrest if the information in the tip is sufficiently corroborated by independent sources. *People v Walker,* 401 Mich 572; 259 NW2d 1 (1977). Since the tip in the instant case was not anonymous, *Walker* is readily distinguishable. However, the Supreme Court opinion also discussed the general test for determining the presence of probable cause when it is based solely on information supplied by an informant:

"The test for determining when probable cause may be established solely upon the basis of information from an informant or upon such information and corroborating facts has been developed in *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), and *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969). In *Aguilar,* the United States Supreme Court held that probable cause for a warrantless arrest is established if the informant's tip meets two requirements: (1) 'some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were' must be disclosed, and (2) 'some of the underlying circumstances from which the officer concluded that the informant * * * was "credible" or his information "reliable"' must be shown. 378 US 108, 114. This two-prong test was further developed in *Spinelli,* where the affiant swore that his informant was reliable, but gave the magistrate no grounds to support his conclusion.

"In regard to the first prong of the test, the *Spinelli* Court said that '[i]n the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail so that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation'. 393 US 410, 416. The Court in *Spinelli* found the detail provided by the

informant in *Draper v United States,* 358 US 307; 79 S Ct 329; 3 L Ed 2d 327 (1959), a 'suitable benchmark'. 393 US 410, 416. In *Draper,* the informant reported that the accused was selling narcotics and that he would return from Chicago by train on one of two days with narcotics. The informant also described Draper and his clothing and said that he would be carrying a tan zipper bag and that he habitually walked 'real fast'. As the Court explained in *Spinelli,* '[a] magistrate, when confronted with such detail, could reasonably infer that the informant had gained his information in a reliable way'. 393 US 410, 417.

\* \* \*

"Upon satisfying the first prong of the *Aguilar* test, it is then necessary to turn to the second prong, concerning the credibility or reliability of the informant himself. One recognized method of establishing the trustworthiness of the informant is a disclosure that the informant provided information on past occasions which later proved to be correct upon investigation. *McCray v Illinois,* 386 US 300; 87 S Ct 1056; 18 L Ed 2d 62 (1967)." *Walker, supra,* 580-583.

In the instant case, Officer Keuhn's testimony amply detailed the underlying circumstances from which the informant concluded that defendant was selling narcotics. Further, the credibility and reliability of the informant were established through revelation of prior contacts with the informant. Therefore, the facts of this case satisfy the probable cause test for a warrantless arrest. See *McCray, supra, Draper, supra, People v Heard,* 65 Mich App 494, 496-497; 237 NW2d 525 (1975), and *People v Daniels,* 60 Mich App 458, 463-464; 231 NW2d 386 (1975). The trial court erred in concluding otherwise.

We also note that the trial court granted the motion to dismiss in mid-trial, before the prosecutor presented testimony regarding the basis of the search, despite defense counsel's full knowledge of

the issue before trial, and in the face of Recorder's Court Rule 18, which states in relevant part:

"Any defense or objection, which is capable of determination without trial of the general issue, may be raised before trial by motion. Defenses and objections based on defects in the institution of the prosecution or in the Information, other than that it fails to show jurisdiction in the Court or to charge an offense, may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the Court for good cause shown may grant relief from the waiver."

It is certainly true that the trial judge could exercise his discretion to consider the motion, but defense counsel offered no reason for the belated motion and did not comply with the "good cause" requirement of Rule 18. Under the facts of this case, therefore, the trial judge abused his discretion in granting defendant relief from his waiver of the issue. See *People v Ferguson,* 376 Mich 90, 93-96; 135 NW2d 357 (1965).

Finally, defendant's retrial is not barred by the prohibition against double jeopardy. In *United States v Scott,* 437 US 82; 98 S Ct 2187; 57 L Ed 2d 65 (1978), the United States Supreme Court held that reprosecution was not barred after a criminal defendant had successfully moved to dismiss, midtrial, on the grounds that his defense had been prejudiced by pre-indictment delay. In *Scott,* the defendant had moved for dismissal both before and during trial. Overruling *United States v Jenkins,* 420 US 358; 95 S Ct 1006; 43 L Ed 2d 250 (1975), the Court held:

"* * * in a case such as this the defendant, by

deliberately choosing to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause if the Government is permitted to appeal from such a ruling of the trial court in favor of the defendant. We do not thereby adopt the doctrine of 'waiver' of double jeopardy rejected in *Green [v United States,* 355 US 184; 78 S Ct 221; 2 L Ed 2d 199 (1957)]. Rather, we conclude that the Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice. In *Green* the question of defendant's factual guilt or innocence of murder in the first degree was actually submitted to the jury as a trier of fact; in the present case, respondent successfully avoided such a submission of the first count of the indictment by persuading the trial court to dismiss it on a basis which did not depend on guilt or innocence. He was thus neither acquitted nor convicted, because he himself successfully undertook to persuade the trial court not to submit the issue of guilt or innocence to the jury which had been empaneled to try him." (Footnote omitted.) *Scott, supra,* 437 US 98-99.

In the instant case, the charge against defendant was dismissed on a basis unrelated to his factual guilt or innocence on the charge of possession of heroin. The ruling of the trial court reflected that court's legal judgment that the defendant, although perhaps criminally culpable, could not be punished because of the lack of probable cause justifying his arrest and the search of his person. Therefore, the defendant has been neither acquitted nor convicted. Compare *People v Smith (On Rehearing),* 89 Mich App 478; 280 NW2d 862 (1979), *People v Killingsworth,* 80 Mich App 45, 50-54; 263 NW2d 278 (1977), and *People v Keith Lester,* 78 Mich App 661, 663; 261 NW2d 33 (1977). Accordingly, retrial is not barred by the prohibition against double jeopardy.

Reversed and remanded for trial.